[No. 21796.    Department Two.    October 29, 1931.]

DELOS SPAULDING, *as Receiver of Morton Coal & Coke Company, Appellant,* v. AETNA CASUALTY AND SURETY COMPANY, *Respondent.*[1]

*Bogle, Bogle & Gates* and *Claude E. Wakefield,* for appellant.

*Revelle, Simon & Coles,* for respondent.

BEALS, J.—This case is before us upon the findings of fact, conclusions of law, and judgment of dismissal entered pursuant thereto.

From the findings, it appears that Morton Coal & Coke Company, a corporation, leased to Peter Pergolios and Abe Flewelling certain real property in Lewis county, together with mining machinery, etc., for the purpose of enabling the lessees to operate the property as a coal mine. Lessees agreed to pay a mini-

[1]Reported in 4 P. (2d) 526.

mum royalty of five thousand dollars per year (with an exception not here important), to secure payment of which they agreed to execute to the lessor a bond in the sum of five thousand dollars; that, pursuant to this agreement in the lease, lessees executed the bond sued upon herein, upon which defendant is surety; that it was within the contemplation of the parties that the lessees should organize a corporation for the purpose of operating the mining property, and reference to the lease discloses that the provision thereof referring to this matter reads as follows:

"It is further stipulated and agreed that whereas it is contemplated by the parties of the second part to organize a corporation for the purpose of operating said mining property, that when said corporation shall have been formed said corporation may be substituted as party of the second part in lieu of the parties of the second part hereinabove named, and that thereafter the parties who are named as the parties of the second part shall be released from further obligation under said lease. The substitution of said parties shall be made as follows: When said corporation has been fully organized this lease shall be signed by the duly authorized officers of said corporation in behalf of said corporation and [after] the acknowledgment thereof before a notary public said substitution shall become complete; but it is understood and agreed that this lease shall not be assigned by the parties of the second part hereinabove named or the corporation which is to be substituted as the party of the second part as hereinabove provided without the written consent of the party of the first part herein."

Concerning this matter, the court made the following findings:

"VII. That in accordance with the said terms of said lease said Peter Pergolios and Abe Flewelling did organize a corporation. That the name of said corporation was and is 'Morton Coal Mining Company.' That the said corporation was duly and regularly fully

organized and said corporate organization completed on the 8th day of July, 1924, and on the said date Peter Pergolios was duly and regularly elected and qualified president of said corporation and Agnes L. Flewelling was duly and regularly elected and duly qualified as secretary of said corporation.

"VIII. That on the said 8th day of July, 1924, said Peter Pergolios and said Abe Flewelling and Agnes L. Flewelling, his wife, duly and regularly assigned all their right, title and interest in and to the said lease to the said Morton Coal Mining Company by a certain instrument in writing which was executed in triplicate by the said parties and duly and regularly acknowledged on the said date before W. N. Beal, a notary public duly appointed, qualified and acting in Lewis county, state of Washington, and that said W. N. Beal subscribed to an acknowledgment in due and regular form to the said assignment and affixed to the executed copies thereof his official seal on the said date. That a true and correct copy of said assignment has been introduced in evidence herein as defendant's Exhibit 3.

"IX. That on the said 8th day of July, 1924, said Morton Coal Mining Company duly and regularly executed in triplicate an acceptance of the assignment of the said lease and consent to be substituted as lessee, agreeing to carry out and perform the terms of the said lease as fully and completely as if it were the lessee originally named in the said lease. That said acceptance was duly and regularly executed on behalf of said Morton Coal Mining Company by Peter Pergolios as president and Agnes L. Flewelling as secretary, and the corporate seal attached thereto, in triplicate on the 8th day of July, 1924, as aforesaid, and that the said acceptance was duly and regularly acknowledged by the said president and secretary on behalf of said corporation on said date before W. N. Beal, a notary public duly commissioned, qualified and acting for the state of Washington in Lewis county, Washington, on the 8th day of July, 1924, and said notary public on said date affixed this signature and seal to the certificate of acknowledgment in due and regular form attached to the said acceptance. That a true copy

of said acceptance was introduced in evidence herein as defendant's Exhibit 4.''

The court also found that copies of the instruments referred to in the findings above quoted were attached to the original lease and delivered to the officers of the plaintiff corporation, together with the check of the assignee corporation in payment of the royalty due for the first month of its operation of the mine, and that subsequently other checks were delivered to the plaintiff corporation by the assignee corporation in payment of royalties subsequently accruing, a total of one thousand dollars in royalties being so paid. The court then made as its last finding of fact the following:

''XV. That by reason of the premises said Morton Coal Mining Company was substituted for said Peter Pergolios and said Abe Flewelling as the second parties in said lease, and said Peter Pergolios and said Abe Flewelling were, by virtue of the terms of said lease, fully released and discharged from all further liability on account of the minimum royalty therein provided and on account of all other amounts thereunder, and that by reason of the said discharge of the said Peter Pergolios and Abe Flewelling, as aforesaid, as principals on the bond herein above referred to, defendant Aetna Casualty & Surety Company, a corporation, as surety on said bond, was likewise released and discharged,''

and entered its conclusions of law to the effect that the defendant surety company was entitled to a judgment of dismissal with prejudice. From such a judgment entered pursuant to the findings of fact and conclusions of law, plaintiff, as receiver of the original lessor corporation, appeals.

Appellant argues that finding of fact number fifteen, above quoted, amounts to no more than a conclusion of law, and that it therefore should not be considered as a finding of fact.

The complaint and the exhibits attached thereto, which are specifically referred to in the findings of fact, are brought to this court in the transcript, and as no question is raised as to the propriety of considering the exhibits in aid of, or in connection with, the findings, we shall so consider them. Appellant contends that, as the precise method outlined in the original lease for the substitution of the new corporation which it was contemplated should be organized for the original lessees, was not followed (see that portion of the lease above quoted), this court should hold that, from the findings, it cannot be held that the original lessees were released from liability under the lease, and that, therefore, the lessees and respondent, as their surety, are still liable to appellant corporation and its receiver for the year's minimum royalty, and that judgment should be entered herein against respondent, as the lessor's surety, for four thousand dollars, the balance of the principal of respondent's bond.

The method outlined in the lease for the substitution of the new corporation is unusual. It is provided that the lease shall be signed by the duly authorized officers of the new corporation and acknowledged before a notary public. Instead of following this method, the court found, as above quoted, that the new corporation was organized under the name of "Morton Coal Mining Company;" that the original lessees, in writing, assigned the lease to this corporation, acknowledging the assignment before a notary; that the assignee corporation executed in writing an acceptance of the assignment and an agreement to carry out and perform the lease according to its terms, which acceptance was also acknowledged before a notary public; that notice of all these proceedings was regularly given to the original lessor, appellant herein; and that appellant corporation thereafter accepted payment of royalties

from the assignee corporation as the same accrued under the lease, up to the total amount of one thousand dollars.

In our opinion, these findings are determinative of the issue here presented. The parties settled the matter of the transfer of the lease to the new corporation in a way that was entirely legal and binding upon the parties and acceptable to them. The receiver of appellant corporation is not now in position to contend that the provision of the original lease in regard to the contemplated assignment thereof was not carried out in the exact manner therein provided for.

The trial court was correct in concluding from the facts found that the original lessees, respondent's principals on the performance bond executed pursuant to the lease, had been released from liability on the lease, and that no liability could thereafter be established against respondent as the lessees' surety. Whether or not finding of fact number fifteen, hereinabove quoted, should be held to be a finding of fact or a conclusion of law, is not material.

The judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.